Margaret Mart J. Mangan, J.
This is an application by petitioner to quash a subpoena duces tecum issued by the respondent. Petitioner is a New York corporation which owns a multiple dwelling in Yonkers, New York. Respondent is the State Division of Human Rights. Heretofore three separate proceedings were held before the respondent, in which each of the complainants charged petitioner with an unlawful discriminatory practice relating to housing accommodations in its apartment house. In connection therewith, a subpoena duces tecum was served on petitioner, requiring the production of many books, records and documents. Hearings were held on four separate days. On April 10, 1970, the Commissioner dismissed the complaints, finding there is not substantial evidence on the record to support the complaints.
On May 20, 1970, the respondent served the instant subpoena which is under attack. It is petitioner’s contention that it was not properly served. However, the papers do not support that contention. It is further contended that it is served for the *137 purpose of harassment, contrary to law, and that it duplicates the prior subpoena.
Respondent claims that petitioner refused to answer questions at the prior hearings with respect to ownership of other properties, and that the entire transcript of the public hearings and the other information from the official files of the Division (nothing being specified) convinced the director that there is a need for the Division to investigate petitioner to determine whether it is illegally discriminating in the renting of housing accommodations.
We have here a situation where at about the same time or before the prior complaints were dismissed, a new proceeding ‘1 to investigate ’ ’ was commenced against the same owner.
I am of the opinion that the motion should be granted. There is no complaint pending against this owner, yet it is commanded to bring voluminous records for the parcel of property which was the object of the prior hearings as well as any other parcels owned, managed, or over which it had control anywhere in the State for the last four years. Respondent justifies this by quoting paragraph (b) of subdivision 6 of section 295 of the Executive Law which provides: 1 ‘ Upon its own motion, to test and investigate and to make, sign and file complaints alleging violations of this article and to initiate investigations and studies to carry out the purposes of this article.”
Said section plainly allows respondent to test and investigate and to make, sign and file complaints. It may also initiate investigations and studies to carry out the purposes of the article. Accordingly, it may in individual cases file complaints. In other cases it may conduct investigations and studies with respect to those matters contained in section 290 (Purposes of article). These are all concerned with the over-all questions of discrimination and not with individual cases. Furthermore, in its own Rules of Practice (9 NYCRR 465.4) under Investigations, it is provided that, after the filing of a complaint certain persons shall make a prompt investigation. Nowhere is there an indication that an individual may be investigated in the absence of a complaint.
To compel the appearance and production of the voluminous documents would be an harassment of the petitioner, who has appeared and produced some of these documents already. In addition, there should be a finality of decisions in an administrative agency. If it desired questions answered at the prior hearings, it should have compelled them in an appropriate proceeding. The respondent has failed to show that there is a valid basis for its new procedure.
*138 The court is aware of the contribution respondent is making to our society and the necessity for its existence. Nevertheless, on the papers before me, petitioner is entitled to consideration and fair treatment. Therefore, the application is granted.